## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **2:12-cr-00175-PPS-APR** |
| | ) | |
| ADRIAN TARTAREANU and | ) | |
| DANIELA TARTAREANU | ) | |

## OPINION AND ORDER

Adrian Tartareanu and Daniela Tartareanu are charged with conspiracy to commit wire fraud under 18 U.S.C. § 1349 and sixteen counts of wire fraud under 18 U.S.C. § 1343. (Docket Entry 1.) This case is set for trial on October 20, 2014. In preparation, the government has filed various notices regarding evidence it intends to present. Among these are two notices about 404(b) evidence, or evidence of "other acts" uncharged as crimes in this case that somehow bear on the issue of guilt or innocence of the crimes actually charged. (DE 89 and 102.) The government acknowledges that the first notice is now irrelevant because it related only to other acts of a Minas Litos, a third defendant, who has pleaded guilty since the government filed the notice. (*See* DE 92, Joint Proposed Jury Instruction 15; discussed at hearing on October 14, 2014.) Counsel for Adrian Tartareanu and Daniela Tartareanu now argues in a barebones response to the second 404(b) notice that it, too, "applies only to Minas Litos," and "barely, if at all, involves either of the Tartareanus." (DE 125, 126.[1])

---

[1] The same motion is filed twice, once for each defendant. Each motion is titled titled "Motion for Leave to File Response to Government's Second Notice of Intent to Use Rule 404(b) Evidence." Leave was necessary because the responses were filed after

The government's second 404(b) notice regards the expected testimony of Sheila Chandler, a former mortgage broker who will testify that she was called in to help perpetrate the mortgage fraud scheme alleged in this case. (DE 102.) It is true that the notice indicates that most of Chandler's contact was with Litos. But the government states that Chandler will testify that Daniela Tartareanu was a participant in the meeting at which Litos gave Chandler her assignment to get loans approved for buyers with bad credit scores who had been rejected for loans previously. (DE 102 at 2.) The government's notice starts out with a footnote that says Chandler's testimony isn't actually 404(b) evidence, but the expected testimony was noticed under 404(b) just in case. That is, the acts Chandler will testify about were done in furtherance of the conspiracy charged in *this* case, and so are not "other acts" the admissibility of which is subject to Federal Rule of Evidence 404(b).

I agree with the government that the evidence described in the second 404(b) notice isn't actually 404(b) evidence. Instead, it is evidence that is directly relevant under Rule 401 to the conspiracy charged in Count One of the indictment. The fact that Chandler's proposed testimony doesn't mention much direct contact with the two remaining defendants is neither here nor there. The defendants are charged with participating in a conspiracy to commit wire fraud, which means the government must prove they "agreed to participate in a scheme to defraud in which it was reasonably foreseeable that an interstate wire facility would be used in furtherance of the scheme."

the deadline I set. Leave to file Docket Entries 125 and 126 is granted.

*United States v. Soteras*, 770 F.2d 641, 645 (7th Cir. 1985). Evidence relevant to the agreement, the existence of a scheme to defraud, or the use of interstate wires is therefore all relevant to the conspiracy charge, even if that evidence doesn't relate specifically to the actions of the remaining defendants. According to the government's theory of the case, Chandler was a co-conspirator in the scheme perpetrated by Litos and Adrian Tartareanu and Daniela Tartareanu. The fact that most of Chandler's contact concerning the scheme was primarily with Litos does not bear on the relevance of the evidence to the existence of the charged scheme or acts in furtherance of it. The remaining defendants are responsible for the acts of their co-conspirators in furtherance of the scheme, even if they didn't participate in or direct those particular acts. *See, e.g.*, *United States v. Jackson*, 546 F.3d 801, 815 (7th Cir. 2008) ("co-schemers are jointly responsible for one another's acts in furtherance of the scheme"[2]). Furthermore, evidence of Chandler's out-of-court statements in furtherance of the conspiracy are admissible as co-conspirator hearsay. *See* Fed. R. Evid. 801(d)(2)(E) (an exception for a statement offered against an opposing party that "was made by the party's coconspirator during and in furtherance of the conspiracy").

To reiterate, my reading of the description of Chandler's expected testimony is that it all relates to acts done in furtherance of the scheme at issue in this case. That

---

[2] *Jackson* involved mail fraud, but "[b]ecause the requisite elements of the wire fraud statute, 18 U.S.C. § 1343, and the mail fraud statute, 18 U.S.C. § 1341, are virtually identical, cases construing the mail fraud statute are equally applicable to the wire fraud statute." *United States v. Soteras*, 770 F.2d 641, 645 n.5 (7th Cir. 1985) (citations omitted).

evidence is germane to the conspiracy with which Adrian Tartareanu and Daniela

Tartareanu are charged, so it doesn't fall under "other acts" at all. The defendants'

objection to the evidence on the ground that it addresses "other acts" of someone other

than them, and the implied argument that it is therefore irrelevant and prejudicial, is

moot because Chandler's expected testimony doesn't address "other acts" at all.

To be clear, under this Order Chandler will only be permitted to testify about

things she may have done in furtherance of, and relevant to, the charged conspiracy.

But if the government wants to offer testimony beyond that scope, it must approach the

bench before attempting to do so.

**THEREFORE** leave to file Docket Entries 125 and 126 is **GRANTED**. The

substance of those documents, specifically the defendants' objection to the

government's use of the evidence described in DE 102 and implied request to preclude

that evidence, is **DENIED**, subject to further decisions as appropriate during trial as the

parties seek to enter evidence.

**SO ORDERED.**

ENTERED: October 17, 2014

/s/ Philip P. Simon
**PHILIP P. SIMON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**