UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| vs. | ) | CASE NO. 2:12-CR-175-PPS-APR |
| | ) | |
| DANIELA TARTAREANU, and | ) | |
| ADRIAN TARTAREANU, | ) | |
| | ) | |
| Defendant-Petitioners. | ) | |

## OPINION AND ORDER

Before me is Defendant-Petitioner Daniela Tartareanu's Motion for a Certificate of Appealability [DE 437] relating to my December 14, 2018 Opinion and Order denying her second motion to stay her surrender date. [DE 433.] Tartareanu is currently scheduled to report to the Bureau of Prisons (BOP) on January 9, 2019, so time is of the essence. [*Id.*] She seeks a certificate of appealability so that she may have the Seventh Circuit decide whether she should be granted bail and have her reporting date stayed while I decide her habeas petition pursuant to 28 U.S.C. § 2255. [DE 420.] For the reasons discussed below, the motion for a certificate of appealability will be denied, but Tartareanu will still be able to seek appellate review of my bail decision.

Before addressing the substance of Tartareanu's motion, there is a surprisingly complicated predicate question of whether a certificate of appealability is necessary under these circumstances. The Seventh Circuit has not definitively answered this question. The Seventh Circuit has previously held that orders denying bail pending

resolution of a Section 2255 habeas petition are reviewable under the collateral order doctrine. *Cherek v. United States*, 767 F.2d 335, 336-37 (7th Cir. 1985). But *Cherek* predates the Antiterrorism and Effective Death Penalty Act ("AEDPA") which Congress passed in 1996 and which governs the procedure in this habeas corpus proceeding, including the requirement of a certificate of appealability. 28 U.S.C. § 2253(c).

Tartareanu tells me that since the passing of AEDPA, the Seventh Circuit has "sent mixed messages as to whether a petitioner whose request to have had their sentence stayed and/or be admitted to bail pending resolution of a Section 2255 petition must file a [certificate of appealability]." [DE 437 at 2 (citing *Barnes v. Black*, 544 F.3d 807, 811 (7th Cir. 2008) ("any order appealable under the statute is also subject to section 2253(c)(1)(A)."); *but see Doe v. Vill. of Deerfield*, 819 F.3d 372, 375 (7th Cir. 2016) (referring to such orders as "non-final orders that are deemed final and immediately appealable."). While there is perhaps some gray area, I do not read these cases as truly sending mixed messages or calling *Cherek*'s central holding into doubt.

The Supreme Court has held that Section 2253(c)'s certificate of appealability requirement "governs final orders that dispose of the merits of a habeas corpus proceeding—a proceeding challenging the lawfulness of the petitioner's detention." *Harbison v. Bell*, 556 U.S. 180, 183 (2009). As such, other circuits have held that a certificate of appealability is not required to appeal an order denying bail pending resolution of a habeas petition. *Illarramendi v. United States*, 906 F.3d 268, 270 (2d Cir. 2018) ("[A] COA is not required when appealing from orders in a habeas proceeding that are collateral to the merits of the habeas claim itself, including the denial of bail.");

*Watson v. Goodwin*, 709 Fed. App'x 311, 312 (5th Cir. 2018) ("Watson's motion for a certificate of appealability is unnecessary because there has not been a final order in his habeas case by the district court."). And thus while the Seventh Circuit has not yet (or perhaps even had occasion to) decide this particular issue post-AEDPA or post-*Harbison*, I see no reason why *Cherek* is no longer good law, nor how AEDPA displaced the collateral order doctrine in its entirety.

Admittedly, there is a circuit split on the issue. The Eleventh Circuit, in *Pagan v. United States*, 353 F.3d 1343 (11th Cir. 2003), held that an order denying bond pending review of a habeas petition is a collateral order subject to interlocutory review, but which also held that a certificate of appealability is required because it is "the final order in a proceeding under section 2255 **as to bond**." *Pagan*, 535 F.3d at 1346 (emphasis added). This is a little perplexing since a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Meeting that standard in the context of bail or bond pending review of a post-conviction petition would seem nearly impossible given the longstanding tenant that there is no constitutional right to bail once a defendant has been convicted. *See, e.g.*, *Iles v. Ellis*, 264 F. Supp. 185, 186 (S.D. Ind. 1967) ("There is no constitutional right to bail pending appeal.") (citing *United States v. Motlow*, 10 F.2d 657 (7th Cir. 1926). Thus, if a certificate of appealability is required but practicably incapable of being issued, a circuit court would be without jurisdiction to hear an appeal of an order denying bond pending review of a section 2255 petition. *See Pagan*, 353 F.3d at 1346 (dismissing appeal for lack of jurisdiction for failure to make requisite showing for

certificate of appealability). Such a result would further frustrate the holding of *Cherek*, in which the Seventh Circuit held such orders to be subject to direct interlocutory review. *Cherek*, 767 F.2d at 337 (holding such orders to be reviewable because "a person's right to liberty pending disposition of his case on the merits is (somewhat) distinct from the merits and, more important, is lost if it cannot be assessed till an appeal from the denial of final judgment"); *id.* ("*Stack v. Boyle* resolves the issue in favor of appealability; and there is more than a little doubt whether a difficult question of appealability can be elided, especially in a criminal case, by relabeling the appeal a petition for mandamus.").

This potential pitfall is perhaps why other district courts have resorted to a belt-and-suspenders approach, certifying denials of bail pending resolution of a Section 2255 petition for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and noting that while "[t]he requirement of a certificate of appealability does not likely apply under the circumstances presented hear . . . [t]o the extent it does apply" such a certificate of appealability would be granted. *United States v. Carreira*, 2016 WL 1047995, at *3 (D. Haw. Mar. 10, 2016).

In order to avoid a situation where review of bail denials are effectively unreviewable because they cannot meet the requirements of a certificate of appealability, I think the wisest course is find that no certificate of appealability is required. Because a decision to grant bail pending review does not "dispose of the merits" of the habeas petition, it is not a "final order" requiring a certificate of appealability within the meaning Section 2253(c). This approach avoids what I see as

the nearly-impossible-to-meet standard created by Eleventh Circuit in *Pagan*, a decision which predated the Supreme Court's *Harbison* decision by six years.

Instead I will join the decisions of the Second and Fifth Circuit which are wholly consistent with *Cherek,* to find that no certificate of appealability is required. The December 14 Opinion and Order will be treated as an order reviewable under the "collateral order" doctrine. "To fall within the collateral order doctrine, the non-final order must: (1) be conclusive on the issue presented; (2) resolve an important question separate from the merits of the underlying action; and (3) be 'effectively unreviewable' on an appeal from the final judgment of the underlying action." *Vill. of Deerfield*, 819 F.3d at 375 (holding that a motion to proceed anonymously is immediately appealable under the collateral order doctrine) (citation omitted).

Tartareanu has met the requirements of the collateral order doctrine. The December 14, 2018 Opinion and Order was conclusive on whether her reporting date would be further stayed. Second, the Seventh Circuit has previously recognized that "a person's right to liberty pending disposition of his case on the merits is (somewhat) distinct from the merits." *Cherek*, 767 F.2d at 337. Finally, that right "is lost if it cannot be assessed until an appeal from the denial of final judgment." *Id.*

ACCORDINGLY: (1) Petitioner-Defendant Daniela Tartareanu's Motion for Certificate of Appealability is DENIED; (2) No certificate of appealability is needed for Tartareanu to appeal the December 14, 2018 Order and Opinion denying her request to stay her reporting date; and (3) Tartareanu has met the requirements of the collateral

order doctrine and the December 14 Order and Opinion [DE 433] is certified for interlocutory review.

SO ORDERED on January 3, 2019.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT